RORKE *v.* LaDUKE.

1. MORTGAGES—POSSESSION OF PAPERS BY MORTGAGOR—EVIDENCE—
PRESUMPTION OF PAYMENT.
  Possession of note and mortgage by one standing as mortgagor
  creates very strong presumption that they were paid, and said
  presumption could only be displaced or repelled by very
  clear proof that debt was still owing.

2. SAME—DISCHARGE—PAYMENT.
  In suit to have mortgage discharged on ground that debt secured
  thereby has been paid, evidence *held*, to warrant decree in
  favor of plaintiffs.

Appeal from Monroe; Rathbun (George A.), J., presiding. Submitted June 7, 1932. (Docket No. 9, Calendar No. 36,471.) Decided September 16, 1932.

Bill by Bernard Rorke and another against Paul LaDuke and another to discharge a mortgage. Bill dismissed. Plaintiffs appeal. Reversed.

*Golden & Kelley,* for plaintiffs.

*William F. Haas,* for defendants.

CLARK, C. J. The bill, praying discharge of mortgage on the alleged ground that debt secured has been paid, was dismissed, and plaintiffs have appealed.

Commire, fee owner, mortgaged the land to defendants in March, 1918, to secure a note of $500. Interest was paid in 1919. Nothing more was paid to defendants, nor does it appear that payment was sought. In September, 1919, Commire conveyed to Krug, subject to the mortgage.

In September, 1919, defendant Paul LaDuke borrowed $500 from one Oerther, giving his note therefor and pledging as collateral security the Commire note and mortgage, but no formal assignment appears to have been made. LaDuke's note was satisfied, but, he testified, he did not have return of the pledged collateral. Krug died in March, 1927. The executrix of his will found the mortgage and note in question among his papers. The explanation, according to testimony adduced by plaintiffs, of Krug's having possession of the note and mortgage, is that he got them from Oerther, by paying the mortgage debt. No discharge of mortgage, or receipt of payment was produced. The executrix conveyed to plaintiffs, who later brought suit.

The possession of the papers by Krug, who stood as mortgagor, "created a very strong presumption that they were paid, and this presumption could only be displaced or repelled by very clear proof that the debt was still owing," quoting from *Ormsby* v. *Barr,* 21 Mich. 474, 481.

A circumstance significant in plaintiffs' favor is that defendants from and after 1919 received neither principal nor interest on the mortgage debt, and it does not appear that they ever sought to collect, and they asserted no claim of anything due until after Krug and Oerther were dead. A further circumstance is that defendants never had the mortgage and note after they were given to Oerther.

Plaintiffs also had testimony that Krug got the papers from Oerther, which must be the fact, and that he paid the mortgage debt to Oerther.

A circumstance in favor of defendants is that no assignment of mortgage to Oerther was shown or produced and that no discharge of mortgage was found. No satisfactory explanation is given of why the collateral was not returned when Oerther re-

ceived satisfaction of the LaDuke note. We think the most probable explanation is that the debt to Oerther was satisfied of the collateral by Krug's paying the mortgage debt to Oerther, who then returned LaDuke's note, and this finds support not only in the circumstances but in testimony that LaDuke referred an inquirer to Oerther for information concerning the mortgage.

The trial judge was impressed by the testimony of defendant Paul LaDuke. With due regard to the advantage of the trial judge in seeing and hearing the witnesses, we are constrained to hold defendants' conduct throughout this period of years not consistent with obligation to them under the mortgage. The testimony of Krug's paying the mortgage debt, his having the papers in his possession, and defendants taking nothing on the debt and making no effort to do so for a long period of years lead to conclusion that plaintiffs should prevail. The case is not without difficulty, but we think the evidence preponderates in favor of plaintiffs.

Reversed, with costs. Plaintiffs may have decree.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.